GUAL ET AL. *v.* BONAFOUX ET AL.

APPEAL from the District Court of San Juan.

No. 312.—Decided June 25, 1909.

ACKNOWLEDGMENT OF NATURAL CHILDREN BORN BEFORE THE PUBLICATION OF THE OLD CIVIL CODE—LAW 11 OF TORO.—According to the text of Law 11 of Toro, natural children are those whose parents, at the time of their conception or birth, could be validly married without dispensation, and who, moreover, have been acknowledged by the father, which acknowledgment could be express or implied, it being sufficient that the fact had been verified through any of the probatory means prescribed by law, according to the jurisprudence laid down in a number of judgments.

ID.—The acknowledgment of natural children born before the publication of the former Civil Code, and consequently of the Revised Code, is conditioned by Law 11 of Toro.

ID.—PROBATORY MEANS OF ACKNOWLEDGMENT.—The plaintiffs have only to establish, through any of the probatory means admitted by law, the express or implied acknowledgment of their natural filiation, according to Law 11 of Toro as construed by the jurisprudence of the Supreme Court of Spain, without their being required to prove the existence of the evidence prescribed by article 135 of the former Civil Code, as modified by section 189 of the amended one, for in that case rights originating from acts which took place under the Law of Toro would be prejudiced, thereby violating rule one of the provisions enacted for the application of either Code.

ID.—DURATION OF THE ACTION—LAW GOVERNING THE SAME.—According to rule four of the temporary provisions for the application of the former Civil Code, the duration of the action for the acknowledgment of the plaintiffs should be governed by article 137 of the former Civil Code which took effect in this Island by virtue of the Royal Decree of July 31, 1889, and continued in force until 1902, when it was substituted by the Revised Code.

ID.—RIGHTS ARISING BEFORE THE CIVIL CODE BECAME OPERATIVE.—According to rule four of the transitory provisions for the application of the former Civil Code, the right and action of the plaintiffs having arisen before the old Spanish Civil Code went into effect, both must subsist with the extension and

according to the terms recognized by the prior legislation; but neither can have a longer *duration* than that prescribed by the Code.

ID.—EXTENSION AND TERMS OF ACTIONS AND RIGHTS—CONSTRUCTION OF RULE FOUR OF THE TEMPORARY PROVISIONS OF THE CIVIL CODE.—*Extension* and *terms* carry with them ideas entirely distinct from that of *duration*, the two first words determining the scope and efficiency of a right or action, while the third word refers to the time during which they are to have life and effectiveness. There is no antinomy or contradiction in the precepts of aforesaid rule four.

ID.—PRESCRIPTION OF ACTION TO CLAIM ACKNOWLEDGMENT.—According to article 137 of the former Civil Code, actions for the acknowledgment of natural children can be instituted only during the life of the presumed parents, except in the following cases: 1. If the father or mother died during the minority of the child, in which case the latter may institute the action before the expiration of the first four years of its majority; 2. If, after the death of the father or mother, some instrument, before unknown, should be discovered in which the child is expressly acknowledged. In this case the action must be instituted within the six months following the discovery of such instrument.

ID.—The plaintiffs, Luis and Alfonso Gual, under the Spanish Civil Code, could exercise the action for the acknowledgment of their natural filiation, the former, up to December 8, 1895, when his presumed father died, he being then 23 years old, and the latter, up to December 7, 1901, or four years after he had attained his majority; wherefore, their right of action has prescribed.

ID.—UNINTERRUPTED POSSESSION OF THE STATUS OF A NATURAL CHILD.—The uninterrupted possession of the status of a natural child is not enough, by itself, for the purpose of immediately entering upon the enjoyment of the rights attending the legal and authentic acknowledgment of the natural filiation.

ID.—INTERRUPTION OF PRESCRIPTION.—Article 1973 of the Spanish Civil Code, which is section 1874 of the Revised Code, is not pertinent to the exceptional case of prescription under consideration, inasmuch as article 1938 of the old Civil Code, which corresponds to section 1839 of the Revised Code, prescribes that the provisions of Title XVIII of both Codes, referring to prescription, shall be understood without prejudice to what may be established in either Code with regard to specified cases of prescription.

ID.—The case of prescription under consideration is special and one of such a nature as to preclude interruption, for, if the action for the acknowledgment of natural children must be prosecuted only within the time fixed in article 137 of the Spanish Civil Code, applicable to the case, it is evident that the action disappears and extinguishes after the lapse of the time for its prosecution.

ID.—Although the judgment of the Supreme Court of Spain, of April 11, 1906, establishes the doctrine that article 137 of the Spanish Civil Code should not be understood as limiting the exercise of the action for the acknowledgment of natural children to those born under Law 11 of Toro, the same court, in its judgment of December 19, 1902, although referring to the acgnowledgment of a natural daughter born under Law 11 of Toro, sustained the opposite doctrine, and this court accepts the second as more in accord with the letter and spirit of rule four of the temporary provisions for the application of the former Civil Code.

The facts are stated in the opinion.

*Mr. López Landrón* for appellants.

*Mr. Texidor* for respondents.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In April, 1907, Luis and Alfonso Gual brought an action against Carolina Bonafoux and Tomás Gual y Bonafoux, as representatives of the estate of the late Tomás Gual y Silven, praying that in due time final judgment be rendered declaring that they are natural children of Gual y Silven, had by his amorous relations with Brígida Devarié, and therefore entitled to bear their father's surname, and that as heirs by force of law to the latter, their portion of the inheritance be delivered to them, pursuant to article 840 of the former Civil Code, and that the proper certificate of such declaration be forwarded to the parish priests for entry at the margin of the record of baptism of the plaintiffs, and that an order issue for the institution of testamentary proceedings with respect to the Estate of Tomás Gual y Silven, wherein the plaintiffs shall be awarded and delivered their legal portion, and maintenance allowed them until the award and delivery be made of said legal portion.

The defendants in answering the complaint, contested the same, and among other allegations, maintained that if at any time the plaintiffs had had any right of action, which they never had, to demand that they be acknowledged as natural children of Tomás Gual y Silven, such action had prescribed before bringing their suit, through the operation of sections 137 of the Spanish Civil Code and 199 of the Revised Civil Code of Porto Rico, and the fourth rule of the temporary provisions of the latter code.

The trial was had, and after taking the evidence and hearing the oral allegations of both parties, the District Court of the Judicial District of San Juan pronounced judgment on May 29, 1908, which was entered on June 1 following, dismis-

sing the complaint with the costs against the plaintiffs, in conformity with the following opinion:

"The plaintiffs, Luis and Alfonso Gual, have instituted the present proceedings for the purpose of requesting the court to declare that they are natural children of Tomás Gual y Silven, had by his amorous relations with Brígida Devarié, and that therefore they are entitled to bear the paternal surname, etc. And the complaint was directed against Carolina Bonafoux and Tomás Gual Bonafoux, widow and son, respectively, of said Tomás Gual y Silven. Among other allegations, the defendants maintained that the right of action of the plaintiffs, if at any time they had had any, had prescribed. Let us consider this point. The plaintiff, Luis Gual, was born on October 11, 1868. The plaintiff, Alfonso Gual, was born on December 7, 1874. Tomás Gual y Silven died on January 8, 1895, and the complaint in this case was instituted on April 9, 1907. Having in mind the aforementioned facts, and applying the provisions of law contained in article 137 of the Civil Code in force in Porto Rico from 1888 to 1902, and, therefore, at the time of Gual y Silven's death, and section 199 and the fourth rule of the temporary provisions of the Revised Civil Code in force in Porto Rico since 1902, no conclusion can be arrived at other than that if the plaintiffs had had a right of action to demand that they be ackuowledged as natural children of Tomás Gual y Silven, such action, at the time the present suit was instituted, had already prescribed. Such being the case, it is not necessary to consider the other questions involved in this litigation, and the complaint should be dismissed, with costs against the plaintiffs. In open court, May 29, 1908. Emilio del Toro, Judge of Second Section."

From the foregoing judgment counsel for the plaintiffs took an appeal, now pending decision after carefully considering the briefs and oral arguments of both parties.

Counsel for appellants maintains in his brief that the right of acknowledgment as natural children claimed by the plaintiffs, should be governed by Law 11 of Toro, and not by the provisions of the former Civil Code or those of the Revised Code, which are inapplicable to the case; and that accepting as applicable article 137 of the former, and section 199 of the latter, which fix the term for the prosecution of an action to claim filiation, such prescription has been interrupted, ac-

cording to section 1874 of the Civil Code in force, which is a reproduction of article 1975 of the old Code, by the extra judicial claim of Luis and Alfonso Gual, and by the uninterrupted enjoyment of the status of natural filiation, on which the bastard sons of Tomás Gual y Silven base their right to acknowledgement.

We admit that the acknowledgement of natural children born before the publication of the old Civil Code, and consequently of the Revised Code, is conditioned by Law 11 of Toro which defines natural children as follows:

"And in order that there may be no doubt as to who are natural children, we ordain and command that those are to be considered natural children whose fathers, at the time of their birth or conception, could marry their mothers, without the need of dispensation; provided the father acknowledges him or her as his child, since he did not have in his house the woman by whom he had the child, nor was there only one woman. For where the aforementioned conditions concur in the child, we ordain that he or she be considered a natural child."

According to the legal text above transcribed, natural children are those whose parents, at the time of their conception or birth, could be validly married without dispensation, and who, moreover, have been acknowledged by the father, which acknowledgment could be express or implied, it being sufficient that the fact had been verified through any of the probatory means prescribed by law, according to the jurisprudence of the Supreme Court of Spain, laid down in a number of judgments.

As we see, Luis and Alfonso Gual have only to establish, through any of the probatory means admitted by law, the express or implied acknowledgment of their natural filiation on the part of Tomás Gual, according to Law 11 of Toro, as construed by the jurisprudence of the Supreme Court of Spain, the plaintiffs not being required to prove the existence of the evidence prescribed by article 135 of the former Civil Code, as modified by section 189 of the amended one, in order

to compel their alleged father or his estate, to acknowledge
the filiation claimed by them, for in that case rights originat-
ing from acts which took place under the Law of Toro would
be prejudiced, thereby violating rule one of the provisions en-
acted for the application of either Code.

But, whether or not the plaintiffs, Luis and Alfonso Gual,
have proven the acknowledgment of the natural filiation which
they claim, either under the Law of Toro, as construed by
the Supreme Court of Spain, or according to the provisions
of the former Civil Code and the revised one, we understand
that the duration of their right of action for acknowledgment
should be governed by article 137 of the former Civil Code,
which took effect in this Island by virtue of the Royal Decree
of July 31, 1889, and continued in force until 1902, when it was
substituted by the Revised Code.

Rule four of the temporary provisions for the application
of the aforesaid Code, in its portion pertinent hereto, reads:

"Actions and rights arising before this Code became operative,
and not exercised, shall continue with the extension and according to
the terms recognized by prior legislation, but shall be subject, with
regard to the exercise, *duration,* and proceedings for enforcing them,
to the provisions of this Code."

The right of the plaintiffs, Luis and Alfonso, to recogni-
tion as natural children, and, consequently, the action for a
declaration of this right, having arisen before the old Spanish
Civil Code went into effect, both right and action must subsist
with the extension and according to the terms recognized by
the prior legislation; but neither can have a longer *duration*
than that prescribed by the Code.

*Extension and terms* carry with them ideas entirely distinct
from that of *duration,* the first two words determining the
scope and efficacy of a right or action, while the third word
refers to the time during which they are to have life and ef-
fectiveness. There is no antinomy or contradiction in the
precepts of rule four transcribed above. Could any doubt

arise as to their signification and meaning, this is dispelled in the preliminary explanation given in the Spanish Civil Code, when it says:

"But if it is equitable to respect rights acquired under the prior legislation, although they have not been exercised, no consideration of justice demands that their subsequent exercise, their *duration,* and the proceedings instituted for their recognition, should be exempt from the provisions of the Code."

Article 137, to which we have referred, reads as follows:

"The actions for the acknowledgment of natural children can be instituted only during the life of the presumed parents, except in the following cases:

"1. If the father or mother died during the minority of the child, in which case the latter may institute the action before the expiration of the first four years of its majority.

"2. If, after the death of the father or mother, some instrument, before unknown, should be discovered in which the child is expres. acknowledged.

"In this case the action must be instituted within the six months following the discovery of such instrument."

According to the facts stated in his opinion by the judge below, the plaintiff, Luis Gual, was born on October 11, 1868, and his presumed father, Tomás Gual y Silven, died on January 8, 1895, at which date, wherefore, the former had attained his majority, under article 320 of the aforesaid Code, he being then 23 years of age.

This being so, Luis Gual could not exercise the action for the acknowledgment of his natural filiation after the death of Tomás Gual, which occurred on January 8, 1895, when the Spanish Civil Code was in force in this Island.

As to the other plaintiff, Alfonso Gual, as he was born on December 7, 1874, and had not reached 23 years when Tomás Gual died on January 8, 1895, since he would have attained that age on December 7, 1897, it is evident that he could exercise the action for the acknowledgment of his natural filiation

up to four years thereafter—that is, to December 7, 1901—at which date said action was extinguished by virtue of the provision contained in paragraph one of article 137 of the former Civil Code, above transcribed.

And if Luis and Alfonso Gual, according to the Spanish Civil Code, could exercise the action for the acknowledgment of their natural filiation, the former only during the life of his father, and the latter only up to December 7, 1901, said action could not have revived to be exercised on April 9, 1907, when the complaint was filed.

In corroboration of this, namely, that the plaintiffs were subject, in the exercise of the action for acknowledgment, to the limitation of article 137 of the former Civil Code, we have article 1939 thereof, which reads:

"Prescription, which began to run before the publication of this Code, shall be governed by the prior laws; but if, after this Code became operative, all the time required in the same for prescription has elapsed, it shall be effectual, even if according to said prior laws a longer period of time may be required."

Luis and Alfonso Gual were not active and diligent in the exercise of their right, for Luis had sufficient time to exercise it during the life of Tomás Gual y Silven, and Alfonso allowed the first four years of his majority to elapse without exercising it. Both, then, must now blame themselves and not the law, which respected their rights and did no more than fix the term of their duration.

The allegation that, inasmuch as they were in the uninterrupted possession of the status of natural children of Tomás Gual, there was no need of prosecuting any action for their acknowledgment as such natural children, is of no benefit to the appellants, for even if said possession was certain, it was not enough for the purpose of immediately entering upon the enjoyment of the rights attending the legal and authentic acknowledgment of the natural filiation.

In support of the foregoing affirmation, we transcribe below what Q. Marcus Scévola says, in commenting on article 137 of the Spanish Civil Code:

"The spirit of the article in establishing the investigation of the paternity and maternity *causa mortis*—a precept which indicates great practical sense on the part of the legislation—we find quite reasonable. Not so as to what relates to the provision which limits the right of the child to the demand of his acknowledgment when the father or mother has died during his minority. We do not believe that this distinction, with respect to the age of the child, should have been established, since a case might arise where the latter would be prejudiced in his rights by reason of the provision of this article, namely, the case of a natural child not acknowledged in the manner prescribed by article 131, but who enjoys the uninterrupted possession of such estate. There is a child of this class living with his father or his mother, who has exercised with respect to him, direct acts of paternity or maternity. The father or mother dies without having acknowledged the child, who has attained his majority. What would then happen? That inasmuch as the law permits the acknowledgment after the death of the parents, only when the child is a minor, the latter, in the case under consideration, will have no right of succession, nor will ever enjoy the legal status of a natural child, notwithstanding the direct acts of the father or mother confirming such status. In other words, the law compels the child to institute proceedings against his parents, or, at least, to threaten them therewith, for the purpose of judicially and coercively demanding his acknowledgment, as otherwise, if through negligence or impossibility they should fail to acknowledge him by some of the means which article 131 provides, he runs the risk of forfeiting all his rights in the probable event of their dying after the majority of the child."

As we see, in the opinion of the learned commentator, Scévola, when the child is in the uninterrupted possession of the status of a natural child, he can never enjoy such legal condition, if the father or mother should die without having acknowledged him after he has attained his majority, or if the child, being a minor, should fail to claim his filiation before the first four years of his majority have elapsed, according to the provision of article 137 of the Civil Code, above tran-

scribed, barring the exceptions established under paragraph
two of said article which are not found in the case submitted
to our consideration.

The other allegation to the effect that the prescription was
interrupted by the extra judicial claim, has no foundation,
for although Luis Gual testified at the trial that about the
years 1889 to 1890, both he and his brother Alfonso had called
the attention of Tomás Gual y Silven to the fact of their not
being acknowledged in the record of baptism, and he had re-
plied that he did not object to making the acknowledgment,
but would do so as soon as he was in better health, the same
question having been discussed with the widow, Carolina
Bonafoux, and with Tomás Gual y Bonafoux, such testimony
cannot constitute proof of the extra judicial claim, inasmuch
as the other plaintiff, Alfonso Gual, declares that he had
never asked his father to acknowledge him, although he had
on a certain occasion, heard his brother, Luis, speaking to
their father upon this subject, in the name of both.

In holding that the action exercised had prescribed, the
lower court no doubt held also that the prescription had not
been interrupted by the extra judicial claim, and we find no
reason for rejecting this conclusion.

Nay, more; without taking into account what has already
been urged to show that the action for acknowledgment has
prescribed because the time allowed by the law applicable
to the case had expired, it appears to us that article 1973 of
the Spanish Civil Code, which is section 1874 of the Revised
Code, is not pertinent to the exceptional case of prescription
under consideration, inasmuch as article 1938 of the former
Civil Code, which corresponds to section 1839 of the Revised
Code, prescribes that the provisions of Title XVIII of both
Codes, referring to prescription, shall be understood without
prejudice to what may be established in either Code with re-
gard to specified cases of prescription.

The case of prescription under consideration is special
and one of such a nature as to preclude interruption, for, if

the action for acknowledgment of natural children must be prosecuted only within the time fixed in article 137 of the Spanish Civil Code applicable to the case, it is evident that the action disappears and extinguishes, after the lapse of the time allowed for its prosecution.

In fixing a certain and definite time for the exercise of the action for acknowledgment, it would seem that it was the purpose of said Code to avoid uncertainty and threat which might disturb the peace and tranquillity of families.

We are not unmindful of the judgment rendered by the Supreme Court of Spain on April 11, 1906, establishing the doctrine that article 137 of the Spanish Civil Code should not be understood as limiting the exercise of the action for the acknowledgment of natural children to those born under Law 11 of Toro; but against that judgment we can set up the one rendered by the same Supreme Court of Spain on December 19, 1902, wherein, notwithstanding the fact that it had reference to the acknowledgment of a natural daughter born under Law 11 of Toro, it sustained the opposite doctrine. Regarding the limitation of the exercise of the action for acknowledgment, we are not aware of any judgments other than the two mentioned above, which are in open contradiction with each other, and we accept the second because to our mind it is more in accord with the letter and spirit of rule four of the temporary provisions for the application of the former Civil Code.

We have purposely discussed the present question in the light of the former Spanish Code, because upon the publication of the Revised Code the plaintiffs had already forfeited all right to the acknowledgment they now claim; but if we examine the precepts of the Revised Civil Code relating to the matter, the case of the plaintiffs is not benefited thereby.

Sections 198 and 199 of said Code read:

"Section 198.—The filiation of children shall be proved by the certificate of the birth issued by the civil registry, by the possession of the status of filiation, or by any other legal means.

"Section 199.—An action to claim filiation may be filed at any time within two years after the child shall become of age, and it shall be transmitted to his heirs, if he should die during his minority, or in a state of lunacy. In these cases heirs shall have five years during which to enter an action."

The plaintiffs have not even claimed the acknowledgment of their natural filiation within the two years after said Code took effect, which contains, under section 1840, the same provisions as those of article 1939 of the former.

For the foregoing reasons we are of opinion that the judgment appealed from should be affirmed with costs of the appeal against the appellants, Luis and Alfonso Gual.

*Affirmed.*

Justices Figueras and MacLeary concurred.

Mr. Justice Wolf concurred in the judgment for the reasons subsequently set forth in the opinion delivered *in re* Puente v. Amsterdam, decided June 17, 1910.

Mr. Justice del Toro did not sit at the hearing of this case.